**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andre William Armstrong,<br><br>    Plaintiff,<br><br>v.<br><br>Randall Warner,<br><br>    Defendant. | No. CV-17-01726-PHX-DGC<br><br>**ORDER** |

    Pro se Plaintiff Andre Armstrong has filed a complaint alleging various wrongs by Maricopa County Superior Court Judge Randall Warner, including allegations that Judge Warner did not abide by the Arizona Constitution, Arizona rules, and various statutes. Doc. 1. Plaintiff has filed an application to proceed *in forma pauperis* (Doc. 2) and a motion to appoint a guardian ad litem (Doc. 6). The Court will dismiss this action and deny Plaintiff's motion to appoint a guardian ad litem.

    In IFP proceedings, a district court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief can be granted[.]" 28 U.S.C. § 1915(e)(2). Section 1915(e)(2)(B)(ii) allows a district court to dismiss a claim sua sponte. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

    Judges are absolutely immune from suits for damages for their judicial acts, except when those acts are taken "in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-357 (1978); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986).

An act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his or her judicial capacity. *Stump*, 435 U.S. at 362; *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990). In this case, Plaintiff's allegations regarding Defendant Warner are related to actions he performed in a judicial capacity. Defendant Warner is therefore immune from suit. The Court finds that Plaintiff's claims cannot be cured by the allegation of additional facts and will therefore dismiss the complaint without leave to amend. *Lopez,* 203 F.3d at 1127 (leave to amend should be granted unless the district court "determines that the pleading could not possibly be cured by the allegation of other facts").

The Court will deny Plaintiff's motion to appoint a guardian ad litem. Doc. 6. *See Ingram v. City of San Francisco,* 2012 WL 3257805 (N.D. Cal. 2012) (declining to appoint a guardian ad litem where plaintiff failed to raise meritorious claims); *Perri v. Obama,* 2011 WL 685826, *3 (E.D.N.Y. 2011) (appointment of a guardian ad litem would be futile where it appears that no guardian could save plaintiff's claims from dismissal); *M.F. ex rel. Branson v. Malott,* 2012 WL 1950274, *7 (S.D. Ohio 2012) (appointment of a guardian ad litem would serve no useful purpose because it appears that no guardian ad litem could save the complaint from dismissal); *see also Mandeville v. Wertheimer,* 2002 WL 432689 (S.D.N.Y. 2002) ("When considering the appointment of a guardian ad litem, the Court while seeking to protect a litigant's interests, must also be mindful of its obligation to avoid any potential waste of judicial resources through the unnecessary appointment of a guardian ad litem.").

**IT IS ORDERED:**

1. Plaintiff's application to proceed *in forma pauperis* (Doc. 2) is **granted.**
2. Plaintiff's complaint (Doc. 1) is **dismissed with prejudice**.
3. Plaintiff's motion to appoint guardian ad litem (Doc. 6) is **denied.**

4. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and the Federal Rule of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

Dated this 3rd day of July, 2017.

*David G. Campbell*
United States District Judge